UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAYMOND TAYLOR,

　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　Case No. 5:03-cv-29-Oc-10GRJ

WARDEN, FCC COLEMAN - LOW,

　　　　　Respondents.

_____

### ORDER DISMISSING CASE

This case is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. See Doc. 1, Doc. 9 (Magistrate Judge's Order construing case as habeas corpus petition). At the time the Petition was filed, Petitioner was confined at the Coleman Federal Correctional Complex, serving a D.C. Code sentence pursuant to multiple felony convictions and sentences imposed in the Superior Court of the District of Columbia. The sentencing court assessed costs totalling $180.00 pursuant to the District of Columbia's Victims of Violent Crime Compensation Act of 1981. See Petition Resp. Exh. B.

The instant Petition concerns Petitioner's participation in the Inmate Financial Responsibility Program ("IFRP"), under which the Bureau of Prisons helps inmates develop a financial plan in order to meet such financial obligations. See 28 C.F.R. § 545.10. Although the IFRP is voluntary, there are consequences for an inmate's refusal to participate in the program such as the inability to receive extra pay,

inability to be assigned to certain work details, lower housing status, and limitations on other privileges.  See id. § 545.11(d). Petitioner contends that he should be exempt from participation in the IFRP and that the BOP is not authorized to collect funds from him for payment of his assessments.  In response, the Respondent argues, inter alia, that this case should be dismissed because Petitioner failed to exhaust his administrative remedies before filing this case.

## Exhaustion of Administrative Remedies

Although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a writ of habeas corpus pursuant to § 2241, the Eleventh Circuit has nonetheless held that exhaustion is jurisdictional.[1]  Therefore, in order to obtain judicial review of a sentence-execution claim, a federal inmate must first exhaust his available administrative remedies within the BOP's administrative remedy program.  The following policies are promoted by requiring the exhaustion of administrative remedies:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise it's discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ;  (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the

---

[1] Winck v. England, 327 F.3d 1296, 1300 n. 1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)); Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001); United States v. Lucas, 898 F.2d at 1556).

administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'[2]

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal procedures fail to achieve the desired results. 28 C.F.R. § 542.10, et seq. The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For an inmate at the Federal Correctional Complex in Coleman, Florida, this appeal would be filed with the Southeast Regional Office of the BOP in Atlanta, Georgia.) Finally, if the Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel via a Central Office Administrative Remedy Appeal.

Petitioner initiated this case on January 24, 2003. The BOP records reflect that Petitioner submitted an institutional-level request for administrative remedy concerning his participation in the IFRP on April 10, 2003, which was rejected due to Petitioner's failure to submit the remedy forms through his Counselor pursuant to BOP policy. Thus, the BOP's records reflect that Petitioner had not completed the administrative remedy process before filing this case. In reply to the Response, Petitioner has submitted copies of documents which he contend reflect that he

---

[2] Irwin v. Hawk, 40 F.3d 347,348 (11th Cir. 1994) (citations omitted).

pursued administrative remedies concerning the IFRP prior to filing this case, but Petitioner's document copies do not reflect that he properly completed the three-step administrative remedy process with respect to the claims raised in this case.

Even if Petitioner had properly pursued his administrative remedies, the Court further notes that the Eleventh Circuit has recently held that the IFRP is a voluntary program, and because the benefits of the IFRP are not constitutionally guaranteed a claim challenging the BOP's implementation of the IFRP is not cognizable under § 2241.[3]

## Conclusion

For the reasons set forth in this Order, the Petition for Writ of Habeas Corpus is **DISMISSED without prejudice**.   The Clerk is directed to enter judgment dismissing the Amended Petition without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 13th day of February 2006.

_____
**UNITED STATES DISTRICT JUDGE**

c: Raymond Taylor
  Counsel of Record

---

[3] See United States v. Warmus, 2005 WL 2293465 (11th Cir. 2005) (unpublished).  Although unpublished opinions are not binding on this Court, they are persuasive authority.  See 11th Cir. R. 36-3.

- 4 -